# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> v. ) <br> ) <br> HASAN WORTHY, ) <br> ) <br> Defendant ) | No. 2:10cr135-DBH |
| UNITED STATES OF AMERICA ) <br> ) <br> v. ) <br> ) <br> SHAREEF NASH (01), ) <br> HASAN WORTHY (03), ) <br> KEVIN STUCKEY (07), ) <br> JOHN PALAIA (14), ) <br> ) <br> Defendants ) | No. 2:10cr136-DBH |

## DECISION AND ORDER ON DEFENDANTS' MOTIONS TO DISMISS AND GOVERNMENT'S MOTION TO DISMISS AND FOR DETENTION

These motions to dismiss require me to apply the Speedy Trial Act in the context of a succession of superseding indictments. Although the outcome is not readily apparent from the language of the Act, precedents in this Circuit resolve the issues unambiguously. The government's motion to dismiss without prejudice in No. 2:10cr135-DBH is **Granted without prejudice**. The defendants' motions to dismiss in No. 2:10cr136-DBH are **Denied**. Moreover, I **Overrule** the defendant Worthy's objection to his continued detention and **Grant** the government's motion for detention in No. 2:10cr136-DBH.

### *Government's Motion to Dimiss Without Prejudice*

The government has moved to dismiss the original indictment against the defendant Hasan Worthy in Docket No. 2:10cr135-DBH. Mot. to Dismiss, No. 2:10cr135-DBH (Docket Item 39). Worthy does not object to dismissal, but he does object to the government's request that dismissal be without prejudice. Worthy expresses concerns about alleged misuse of the grand jury process and the government's use of the statutory presumption in favor of detention, concerns expressed in his motion to dismiss a superseding indictment naming him in No. 2:10cr136-DBH. I will consider those arguments in connection with that motion and in connection with his challenge to detention. He also asks for a "clearer understanding" about the "nature of and relationship between the two indictments," and claims a "right to plead guilty to the original Indictment should he choose to do so." Def. Worthy's Opp'n to Gov't Mot. to Dismiss at 2, No. 2:10cr135-DBH (Docket Item 40). Worthy's confusion over the relationship between the two Indictments is not a reason for dismissal with prejudice. He provides no authority for the asserted right to plead guilty to the original Indictment in preference to the superseding indictment, and I know of none. I therefore **GRANT** the government's motion to dismiss the original indictment *without* prejudice.

### *Defendant Worthy's Motion to Dismiss all Indictments*

In addition to the original complaint (No. 2:10-mj-00139-JHR) and the original indictment (No. 2:10cr135-DBH), the government has filed three successive superseding indictments in No. 2:10cr136-DBH against Worthy and others. Worthy has moved to dismiss with prejudice all three superseding

indictments.[1]  His ground for dismissal is violation of the Speedy Trial Act.  He requests that dismissal be *with prejudice* because of misuse of the grand jury process and government motions for detention "to hold defendants on charges the government has no intention of taking to trial."  Def. Worthy's Mot. to Dismiss Superseding Indictment at 1, No. 2:10cr136-DBH (Docket Item 117); Defendant Worthy's Mot. to Dismiss Second Superseding Indictment at 1, No. 2:10cr136-DBH (Docket Item 167).  Because I find no violation of the Speedy Trial Act, the defendant Worthy's motions to dismiss are **DENIED**.

*The Succession of Charges*

Worthy was first arrested and charged on August 6, 2010.[2]  The criminal complaint on that date charged him with conspiracy to possess cocaine with intent to distribute on July 16-17, 2010.  Compl., No. 2:10cr135-DBH (Docket Item 1).  Less than two weeks later on August 17, 2010, the Grand Jury issued an indictment charging the same crime—conspiracy to possess cocaine with intent to distribute—but adding a day to the charged conspiracy (July 16-18, 2010).  Indictment (Docket Item 18).  The government filed a motion for detention and on August 18, 2010, Worthy was ordered detained pending trial.  See Minute Entry of August 18, 2010 (Docket Item 26); Detention Order Pending Trial (Docket Item 45).  Then on September 22, 2010, the Grand Jury

---

[1] There is no separate motion to dismiss the Third Superseding Indictment, but in Worthy's reply memorandum to the government's objection to his motion, he adds the request. Def. Worthy's Reply Mem. in Support of Mots. to Dismiss at 2 n.2 (Docket Item 268).  At oral argument, however, Worthy's counsel told me that if the Second Superseding Indictment is not dismissed, he does not object to the Third Superseding Indictment.

[2] There is no documentation in the record to support the date of the arrest, but Worthy's attorney confirmed at oral argument that Worthy was in taken into custody on August 6, 2010.

3

issued a superseding indictment under a different docket number,[3] charging Worthy with conspiracy to possess with intent to distribute 50 grams or more of cocaine base, cocaine and heroin, and aiding and abetting. Superseding Indictment, No. 2:10cr136-DBH (Docket Item 51). This superseding indictment also expanded the timeframe of the conspiracy, now June through August 6, 2010, and added five co-defendants: Shareef Nash, Sasha Phillips, Dereck Berryan, Kevin Stuckey and Veronica Brown. On October 6, 2010, the Grand Jury issued a second superseding indictment. Again it expanded the timeframe of the original conspiracy, now August 28, 2007 through August 6, 2010, and added eight more co-defendants. Second Superseding Indictment, No. 2:10cr136-DBH (Docket Item 94). The second superseding indictment also added three new charges against Worthy—possession with intent to distribute cocaine on July 18, 2010, and aiding and abetting (Count 10); possession with intent to distribute 28 grams or more of cocaine base on August 6, 2010, and aiding and abetting (Count 13); and using a communication facility for cocaine base distribution on July 16, 2010, and aiding and abetting (Count 21). A third superseding indictment was issued on November 17, 2010, which omitted the quantities alleged in Counts 1 and 13 of the second superseding indictment and changed the type of drug in Count 13 from cocaine base to cocaine. Third Superseding Indictment, No. 2:10cr136-DBH (Docket Item 232).

---

[3] Under that docket number, Shareef Nash and Sasha Phillips had previously been charged with conspiracy to possess with intent to distribute cocaine. Indictment (Docket Item 28) No. 2:10cr136-DBH. The superseding indictment added Worthy and others as co-conspirators.

***Speedy Trial Act***

The basic structure of the Speedy Trial Act is familiar to judges and lawyers who deal with criminal cases: no more than 30 days from arrest until formal charge; no more than 70 days from formal charge until trial. 18 U.S.C. § 3161.

The following two provisions of the Speedy Trial Act bear specifically upon Worthy's arguments in this case:

> Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested . . . in connection with such charges.

18 U.S.C. § 3161(b).

> If, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed within the time limit required by section 3161(b) . . ., such charge against that individual contained in such complaint shall be dismissed or otherwise dropped.

18 U.S.C. § 3162(a)(1). As I said in United States v. Davis, 2010 WL 2681098 (D. Me. July 2, 2010), "[i]t is reasonable to read these two provisions as together requiring dismissal of a charge that was leveled against a defendant in the complaint that occasioned his arrest, but that was not contained in an indictment or information filed within 30 days of the arrest."

But despite Worthy's reliance upon Davis, that is not the situation here. In Davis, a charge, although contained in the complaint upon which the defendant was arrested, was omitted from the indictment that was filed within 30 days of the arrest. Then it reappeared in a superseding indictment after the 30-day limit. That, I concluded, clearly violated § 3161, and I dismissed the

5

superseding indictment.[4] Here, in contrast, the original indictment was filed on August 17, 2010, within the 30-day limit and was identical to the charge in the Complaint except for enlarging the charged conspiracy by one day. Therefore, unlike <u>Davis</u>, the original indictment satisfied the Speedy Trial Act requirements.[5]

The next event, the first superseding indictment, however, was outside the 30-day limit. It repeated the conspiracy count, but enlarged the dates to June through August 6, 2010, identified and charged certain co-conspirators,[6] and identified the controlled substances as heroin, cocaine, and 50 grams or more of cocaine base. Because of the charge of 50 grams or more of cocaine base, this superseding indictment charged that the penalty was now higher, an (A) offense (by statute a maximum of life and a minimum of 10 years). 21 U.S.C. § 841(b)(1)(A). This first superseding indictment was permissible against Worthy because the First Circuit has made clear that under the Speedy Trial Act, the government can file new charges outside the 30-day limit that are not contained in the original complaint: "the statute says nothing about barring the institution of a new charge for a different offense based on some or all of the underlying transaction." <u>United States v. Grullon</u>, 545 F.3d 93, 97 (1st Cir. 2008).

---

[4] But *without* prejudice, after considering the § 3162(a) factors that bear upon that decision (seriousness of the offense, facts and circumstances that led to dismissal; and impact on administration both of the Speedy Trial Act and of justice).

[5] Worthy wants me to look at the underlying facts, but as I explain later in text, it is the charge that counts, not the underlying facts.

[6] Clearly permissible under <u>United States v. Mitchell</u>, 723 F.2d 1040, 1044-45 (1st Cir. 1983) (adding names in place of Jane and John Doe).

This was a new charge because, in Apprendi v. New Jersey, 530 U.S. 466, 490, 494 n. 19 (2000), the Supreme Court held that any fact that increases the maximum authorized statutory sentence "is the functional equivalent of an element of a greater offense," which must be charged in an indictment and proved beyond a reasonable doubt. That occurred here, and Worthy agrees that the superseding indictment "change[s] the crime charged in Count One of the initial Indictment." Def. Worthy's Mot. to Dismiss Second Superseding Indictment at 10 (Docket Item 167).[7] Therefore, because of the new charge, the first superseding indictment is not subject to dismissal.[8]

Worthy argues as to both this first Superseding Indictment and the successive superseding indictments that the government always possessed all the underlying information, that it was reflected in either the DEA affidavit in

---

[7] Analogously, the First Circuit has applied the Apprendi principle when considering abuse of the grand jury process. In United States v. Flemmi, 245 F.3d 24 (2001), the defendant was initially indicted on RICO charges. The grand jury continued to deliberate and call witnesses. A superseding indictment was returned that contained no additional defendants or charges, but added four predicate racketeering acts to the existing RICO charge. The additional racketeering acts had the effect of increasing the maximum penalty for the defendant from twenty years to life in prison. The Flemmi court cited the principle from Apprendi that "any fact that increases the defendant's exposure beyond the prescribed statutory maximum 'is the functional equivalent of an element of a greater offense." Flemmi, 245 F.3d at 30 (quoting Apprendi, 530 U.S. at 494 n. 19). Accordingly, the court held that the increased maximum penalty in the superseding indictment was "a sufficiently substantial change to defeat an accusation of grand jury abuse." Flemmi, 245 F.3d at 29.

[8] The first Superseding Indictment's calling it an (A) offense was problematic. The Fair Sentencing Act, effective August 3, 2010, makes the relevant cut-offs for (B) and (A) penalty offenses 28 grams and 280 grams respectively. In United States v. Douglas, 2010 WL 4260221, *6 (D.Me. October 27, 2010), I ruled that all future sentencings will be under the Fair Sentencing Act. Even if that ruling were reversed, the Fair Sentencing Act could still apply here because the superseding indictment enlarged the conspiracy into the Fair Sentencing Act's time period (August 6, 2010). Thus, the 50-gram quantity, if charged and proven, would be a (B) penalty (not more than 40 years and not less than 5 years). But the Assistant United States Attorney told me at oral argument that the Justice Department takes the position that conspiracies that span dates before and after the August 3rd effective date should be sentenced under the previous harsher regime. Although I have my doubts about that argument (and it seems inconsistent with what the Department did in earlier years when Congress *increased* penalties, see, e.g., United States v. Giry, 818 F.2d 120, 134-35 (1st Cir. 1987); United States v. Inafuku, 938 F.2d 972, 973-74 (9th Cir. 1991), I do not decide it now.

support of the original complaint or in the underlying wiretapped phone calls, and that therefore the superseding indictments violated the 30-day limit by adding charges later that could have been leveled against him originally. But the First Circuit has made clear that, in comparing complaints and indictments, it is the *charge* that matters, not the facts underlying the charge. United States v. Grullon, 545 F.3d 93, 97 (1st Cir. 2008).[9]

The Second Superseding Indictment, also outside the 30-day limit, lengthened the duration of the charged conspiracy back in time to 2007 and identified and charged more co-conspirators. It also added three new charges against Worthy that had never previously been leveled: Count 10, possession of cocaine with intent to distribute on July 18, 2010; Count 13, possession of

---

[9] Other courts have rejected the application of the "transactional test" that Worthy proposes, and point out that Congress itself considered and rejected this option. See, e.g., United States v. Derose, 74 F.3d 1177, 1184 (11th Cir. 1996) ("Congress considered and declined to follow the suggestion that the Speedy Trial Act's dismissal sanctions should be applied to a subsequent charge if it arose from the same criminal transaction or event as those detailed in the initial complaint or were known or reasonably should have been known at the time of filing the initial complaint."); United States v. Napolitano, 761 F.2d 135, 137-38 (2d Cir. 1985) ("[T]he legislative history of the Act clearly indicates that Congress considered and rejected defendant's suggestion that the Act's dismissal sanction be applied to subsequent charges if they arise from the same criminal episode as those specified in the original complaint or were known or reasonably should have been known at the time of the complaint."); United States v. Pollock, 726 F.2d 1456, 1462-63 (9th Cir. 1984) ("Congress implicitly rejected the broad construction of the dismissal sanction urged by [defendant's transactional approach]" and held that "when the government fails to indict a defendant within 30 days of arrest, section 3162(a)(1) requires dismissal of only the offense or offenses charged in the original complaint."). The Speedy Trial Act went through numerous drafts. The initial drafts, which Congress rejected, contained sanction provisions requiring the dismissal with prejudice of any indictment brought more than 30 days after arrest if such indictment charged an "offense based on the same conduct or arising from the same criminal episode, and any [other] offense required to be joined with the issue," S. 754, 93d Cong., 1st Sess., 119 Cong.Rec. 3265 (Feb. 5, 1973), see also H.R. 17409, 93d Cong., 2d Sess., 120 Cong.Rec. 35775 (Oct. 16, 1974), or, charged "offenses which were known or reasonably should have been known at the time of dismissal," H.R. 17409, 93d Cong., 2d Sess. (1974). The Act was amended and narrowed on the House floor to express only its present very limited application. See 120 Cong. Rec. 41793-95 (Dec. 20, 1974); see generally A. Partridge, Legislative History of Title I of the Speedy Trial Act of 1974 194-95 (Fed. Judicial Center 1980). See also United States v. Giwa, 831 F.2d 538, 542 n.4 (5th Cir. 1987) (noting that requiring dismissal of all possible charges would create a compulsory joinder of offenses rule for criminal prosecutions and Fed. R. Crim P. 8 provides for permissive, rather than mandatory, joinder of offenses).

28 grams or more of cocaine base with intent to distribute on August 6, 2010 (charging (B) penalties); Count 21, charging use of a communications facility (a telephone) both in committing the Count 1 conspiracy and in committing actual distribution of cocaine base (or aiding abetting distribution) on July 16, 2010. For the reasons I have already given, because of the three *new* charges, there was no violation of the Speedy Trial Act 30-day limit in the filing of the second superseding indictment.

The Third Superseding Indictment eliminated the specific quantities charged in Count One (although it continued to request the higher penalty of subsection (A)), and changed the substance charged in Count 13 from cocaine base to cocaine (no quantity alleged) thereby lowering the maximum penalty for that count. As I understand Worthy's lawyer's statements at oral argument, if I reject his motions to dismiss the earlier superseding indictments (as I do), he does not object to the changes made by the Third Superseding Indictment.

For these reasons, I find no violation of the Speedy Trial Act as it has been interpreted by the First Circuit. Although I therefore do not reach the question whether a dismissal should be with or without prejudice, I make the following observations about Worthy's criticism of the government's behavior.

It is true that in Davis, I said that section 3161(b) "is essentially a congressional directive for the orderly conduct of criminal proceedings," designed to "accelerate the indictment phase of criminal proceedings." Certainly the repetitive charging documents here are disruptive to both the court, and to a defendant attempting to prepare for trial and the taxpayer who ultimately pays the court-appointed lawyer's fees. But the Davis statement

was in respect to interpreting the language of the Speedy Trial Act. It is not an independent ground for dismissal where there is no Speedy Trial Act violation.[10]

Worthy has expressed concern that the government is using the grand jury improperly to obtain discovery in an already indicted case. Def. Worthy's Mot. to Dismiss Superseding Indictment at 9. He relies upon a Second Circuit case that said that is improper. But in that case, <u>In re Grand Jury Subpoena Duces Tecum Dated Jan. 2, 1985 (Simels)</u>, 767 F.2d 26 (2d Cir. 1985), the facts were egregious. There the government first issued a trial subpoena for information about fee arrangements with the defendant's previous lawyer, then when strenuous objection was made by the lawyer "and the criminal defense bar," "the trial subpoena was adjourned pending reconsideration of its issuance by the United States Attorney." <u>Id</u>. at 28. But then the *grand jury* issued a subpoena seeking the identical materials, and the government withdrew the trial subpoena. That was the misuse the Second Circuit criticized.[11] It did not dismiss the indictment, as Worthy seeks here; it did quash the subpoena. But here, no subpoena has been issued to Worthy or his counsel. <u>See</u> <u>United States v. Giorgi</u>, 840 F.2d 1022, 1030 (1st Cir. 1988)

---

[10] Worthy argues that "the government intentionally delayed in charging the aggravated crime it always intended to file." Def. Worthy's Mot. to Dismiss Superseding Indictment at 10 (Docket Item 117). Because the Speedy Trial Act was not violated, the government's intent is not relevant.

[11] The Second Circuit said delphically both that it "is improper to utilize a Grand Jury for the sole purpose of preparing an already pending indictment for trial," and that the rule "is difficult, if not impossible, to enforce." <u>In re Grand Jury Subpoena Duces Tecum Dated Jan. 2, 1985 (Simels)</u>, 767 F.2d at 30.

(dismissal of an indictment is appropriate "only for serious and blatant prosecutorial misconduct that distorts the integrity of the judicial process").

Moreover, First Circuit precedent is more restrictive. According to Flemmi, 245 F.3d at 28, despite operating "under judicial supervision" the grand jury is "essentially an independent institution." Id. Thus, "courts afford grand jury proceedings a presumption of regularity." Id. This presumption applies "even after the grand jury has returned an initial indictment," since "superseding indictments setting forth new charges or adding new defendants are familiar fare." Id. Deference is not unlimited—for example, the prosecution cannot use the grand jury "principally to prepare pending charges for trial." Id. But it is permissible to use the grand jury in connection with a "continuing investigation" into other charges or unindicted parties, even if an indictment has already issued. Id. "[E]vidence obtained pursuant to [an ongoing grand jury] investigation may be offered at the trial on the initial charges." Id. (citation omitted) (alteration in original).

In the First Circuit, the party asserting a claim of grand jury abuse "must shoulder a heavy burden" in order to overcome the presumption of regularity. Flemmi, 245 F.3d at 28; see also In re Grand Jury Proceedings, 632 F.2d 1033, 1042 (3d Cir. 1980) (finding use of grand jury proper where there was still an ongoing investigation of persons other than the indicted defendant); cf. Flemmi, 245 F.3d at 30 (noting that when a superseding indictment issued after post-indictment grand jury proceedings "charges new crimes, adds new defendants, or otherwise works a major change in the prior indictment . . . it adequately evinces the propriety of the prosecutor's purpose and thus becomes a safe

harbor for the government"). In order to determine whether use of the grand jury in Worthy's case constitutes improper trial preparation or whether it was part of a proper continuing investigation, I must evaluate whether "the sole or dominating purpose" for using the grand jury was "preparing an already pending indictment for trial." United States v. Doe, 455 F.2d 1270, 1273 (1st Cir. 1972) (citation and quotation omitted). Here, Worthy presents no evidence that the grand jury was used for improper trial preparation. In re Grand Jury Proceedings, 632 F.2d at 1041-42 ("absent a factual showing of irregularity beyond mere suspicion the prosecutor need not submit an affidavit affirming that the grand jury seeks the documents in aid of its investigation of other persons"). In this case, each successive indictment added either additional codefendants or new charges. Superseding Indictment (Docket Item 51) (adding four co-defendants and additional drug quantity penalties); Second Superseding Indictment (Docket Item 94) (adding additional charges against Worthy and other co-defendants); Third Superseding Indictment (Docket Item 232) (removing drug quantities in Counts 1 and 13, and changing drug charged in Count 13).

In the written briefing, Worthy asked for an evidentiary hearing on the government's conduct. The First Circuit has not ruled on whether a defendant is entitled to an evidentiary hearing on the decision whether a Speedy Trial Act dismissal should be with or without prejudice. Other circuits are divided. Compare United States v. Estate of Parsons, 314 F.3d 745, 751-52 (5th Cir.2002) (no requirement of notice or hearing before the district court decided whether to dismiss indictment for a violation of the Speedy Trial Act with or

without prejudice), vacated on other grounds, 367 F.3d 409 (5th Cir. 2004) (en banc); In re Grand Jury Proceedings, 632 F.2d at 1041-42 (3d Cir.) "absent a factual showing of irregularity beyond mere suspicion the prosecutor need not submit an affidavit affirming that the grand jury seeks the documents in aid of its investigation of other persons"); with United States v. Pena-Carrillo, 46 F.3d 879, 882 (9th Cir. 1995) (when making the determination whether a complaint should be dismissed with prejudice or without prejudice, and prior to dismissing without prejudice the court must provide defendant notice and an opportunity to be heard); United States v. Delgado-Miranda, 951 F.2d 1063, 1064 (9th Cir. 1991) (district court must hold a hearing before it can enter a dismissal without prejudice for violation of the Speedy Trial Act). I do not resolve the issue of entitlement to an evidentiary hearing here, because I conclude that there was no Speedy Trial Act violation and therefore no dismissal of either sort is called for.[12]

### *Defendants Nash's, Stuckey's and Palaia's Motions to Dismiss*

Shareef Nash has also filed a Motion to Dismiss based on similar Speedy Trial Act arguments. Mot. to Dismiss Third Superseding Indictment (Docket Item 255). In addition, Nash adopts the arguments made by Worthy in his motion to dismiss. Id. at 2 n.2.

---

[12] At oral argument, Worthy's counsel told me he did not need an evidentiary hearing if the government agreed that at the time it filed the original indictment it possessed all the information to file the additional charges that were included in the superseding indictments and that it always intended to file those additional charges. Because I conclude, based on the indictments themselves, that the government did not use the grand jury improperly to prepare for trial, an evidentiary hearing is unnecessary.

13

Nash was first arrested and charged on August 5, 2010. The criminal complaint on that date charged him and another individual with conspiracy to possess cocaine with intent to distribute on August 2-4, 2010. Compl., No. 2:10cr136-DBH (Docket Item 1). On August 17, 2010, the Grand Jury issued an indictment charging the same crime—conspiracy to possess cocaine with intent to distribute on August 2-4, 2010). Indictment (Docket Item 28). Then on September 22, 2010, the Grand Jury issued the superseding indictment I discussed in connection with Worthy's motions. It charged Nash, Worthy and four other individuals with conspiracy to possess with intent to distribute 50 grams or more of cocaine base, cocaine and heroin, and aiding and abetting. Superseding Indictment, No. 2:10cr136-DBH (Docket Item 51). This superseding indictment also expanded the timeframe of the conspiracy, now June through August 6, 2010. On October 6, 2010, the Grand Jury issued a second superseding indictment. Again it expanded the timeframe of the original conspiracy, now August 28, 2007 through August 6, 2010 and added eight more coconspirators. Second Superseding Indictment, No. 2:10cr136-DBH (Docket Item 94). The second superseding indictment also added 16 new charges against Nash—distribution of 5 grams or more of cocaine base on January 22, 2010, and aiding and abetting (Count 5); possession with the intent to distribute cocaine on August 4, 2010, and aiding and abetting (Count 12); and using a communication facility for cocaine base distribution on July 12, July 16 (2 times), August 2 (7 times), August 3, August 4 (3 times), and aiding and abetting (Counts 18, 21-33). A third superseding indictment was issued on November 17, 2010, which as to Nash (and all other conspirators)

omitted the quantities alleged in Count 1, the conspiracy count of the second superseding indictment. Third Superseding Indictment No. 2:10cr136-DBH (Docket Item 232).

For the same reasons given in response to Worthy's arguments, Nash's successive indictments do not violate the Speedy Trial Act. The original superseding indictment lengthened the duration of the conspiracy from June through August 6, 2010, added additional conspirators and added a quantity charge of 50 grams or more of cocaine base; the second superseding indictment lengthened the duration of the charged conspiracy back in time to 2007, identified and charged more co-conspirators and added 16 new charges; the third superseding indictment eliminated the specific quantities charged in Count 1.[13] Because of my analysis of Worthy's arguments and because Nash

---

[13] To the extent that this omission of quantities does *not* change the statutory maximum penalty and thus does not charge a different offense for purposes of the Speedy Trial Act, Nash may be arguing that the Third Superseding Indictment is a gilding charge. All three judges in this District have struggled with the "gilded charge" line of cases from the Fifth and Tenth Circuits, United States v. Bailey, 111 F.3d 1229, 1236 (5th Cir. 1997); United States v. Andrews, 790 F.2d 803, 809 (10th Cir. 1986), and expressed diffidence about that line of authority. See United States v. Davis, 2010 WL 2681098 (D. Me. July 2, 2010); United States v. Widi, 697 F. Supp. 2d 140, 143 (D. Me. 2010) (Singal, J.); United States v. Brown, 335 F. Supp. 2d 146, 148 (D. Me. 2004); United States v. Carey, 599 F.Supp.2d 50 (D. Me. 2009) (Woodcock, C.J.). The "gilded charge" cases say that there is a category of cases where alterations to an indictment outside the 30-day limit merely annotate the same charge in more detail and are objectionable. But it can be exceedingly difficult to describe the parameters of the gilded charge category as distinct from completely new charges, clearly permitted, on the one hand, and inconsequential changes such as providing real names in place of John or Jane Doe, also clearly permitted, on the other hand. For what are mere annotations, it would seem more appropriate not to dismiss the superseding indictment, but simply not to recognize the "gilded charge" as starting a new computation for the 70-day time limit to trial, and hold the government to the Speedy Trial clock running from the previous charge. That would prevent a prosecutor from using incidental changes only to delay the trial. That appears to be the principle that the Tenth Circuit recognized in Andrews, speaking of the 70-day clock: "when the later change is merely a part of or only 'gilds' the initial charge, the subsequent charge is subject to the same Speedy Trial Act limitation imposed on the earlier indictment." Andrews, 790 F.2d at 809. I note that in United States v. Mitchell, 723 F.2d 1040 (1st Cir. 1983), where the court permitted the addition of real names to an indictment that previously used John Does, the prosecutor conceded that the date of the *original* indictment started the 70-day trial
*(continued next page)*

raises no new basis to find a violation of the Speedy Trial Act, I **DENY** his motion to dismiss.

Kevin Stuckey and John Palaia have joined both Worthy's and Nash's motions to dismiss. Notice of Joinder (Docket Item 262); Notice of Joinder (Docket Item 269). The motions to dismiss made by Stuckey and Palaia are likewise **DENIED**.

### *Worthy's Detention Status*

Worthy also complains that the government "took advantage" of the provisions of the Bail Reform Act that create a presumption in favor of detention to obtain a detention order even though the government never intended to try Worthy on the conspiracy charge in the complaint and initial indictment. Def.'s Reply Mem. in Support of Mots. to Dismiss at 1, No. 2:10cr136-DBH (Docket Item 268).

Worthy was properly detained after a detention hearing in No. 2:10cr135-DBH. See Minute Entry of August 18, 2010 (Docket Item 26); Detention Order Pending Trial (Docket Item 45). The standards for detention or release have not changed with the succession of charging documents and the change in scope of the charged conspiracy. I see no improper use of the statutory detention provisions. Because I am granting the government's motion to dismiss No.

---

clock, and the court took note of that. Here, the prosecutor told me at oral argument that the reason for the most recent superseding indictment was this court's ruling in United States v. Douglas, 2010 WL 4260221, *6 (D.Me. October 27, 2010), and uncertainty within the U.S. Attorney's Office as to what the final outcome will be concerning the applicable date of the Fair Sentencing Act. He also stated that the new superseding indictment did not start the 70-day clock running anew. I conclude that his explanation keeps the Third Superseding Indictment from being a gilded charge as to Nash, if the First Circuit should decide to follow that line of cases.

2:10cr135-DBH, I **GRANT** the government's motion to enter the same detention order in No. 2:10cr136-DBH, which is the docket number where the charges against Worthy are now pending. Nothing has changed that would make Magistrate Judge Rich's detention decision and reasons inapplicable in this new docket number. At any point that Worthy believes circumstances have changed, he can seek review of the detention order under 18 U.S.C. § 3145(b).

**SO ORDERED.**

**DATED THIS 20TH DAY OF DECEMBER, 2010**

/s/D. Brock Hornby
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**