UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

UNITED STATES OF AMERICA )
)
v. ) No. 2:10-cr-136-DBH
)
SHAREEF NASH, et al., )
)
Defendants )

## RECOMMENDED DECISION ON MOTION TO SUPPRESS

Defendant Shareef Nash, indicted on (i) one count of conspiring to possess, with intent to distribute, a mixture or substance containing cocaine base, a mixture or substance containing cocaine, and a mixture or substance containing heroin, and aiding and abetting such conduct, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and 18 U.S.C. § 2, (ii) one count of distributing five grams or more of a mixture containing cocaine base, and aiding and abetting such conduct, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, (iii) one count of possessing, with intent to distribute, a mixture or substance containing cocaine, and aiding and abetting such conduct, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and (iv) 14 counts of intentionally using a communication facility, a telephone, in committing, causing, and facilitating one or more other offenses set forth in the indictment, in violation of 21 U.S.C. § 841(a)(1) or 844, *see* Third Superseding Indictment (Docket No. 232), moves to suppress all evidence found as the result of the execution of a search warrant issued on August 3, 2010, at 71 Old Orchard Road, Buxton, Maine, *see* Motion To Suppress . . . Search of 71 Old Orchard Road, Buxton, Maine (Docket No.

1

264) at [1].[1]

The sole basis for the motion is that the affidavit submitted in support of the government's application for the warrant relied in part on information garnered from allegedly illegal wire intercepts. *See id*. at [2]. Nash argues that once the assertedly tainted information is expunged, the remaining averments of the affidavit fail to establish probable cause for the search and seizure. *See id*. To establish the illegality of the relevant wire intercepts, he relies on separate motions to suppress filed by himself and co-defendant Hasan Worthy. *See id*. at [1]-[2]; Defendant's Motion To Suppress ("Worthy Motion") (Docket No. 218); Motion To Suppress . . . Intercepted Telephone Conversations ("Nash Motion") (Docket No. 256). I am today issuing a separate opinion recommending that the court deny the Worthy and Nash motions. Should the court adopt that recommended decision, I recommend that it **DENY** the instant motion, as well.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the district court and to appeal the district court's order.*

Dated this 15th day of April, 2011.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge

---

[1] Co-defendant Sasha Phillips joins in this motion. *See* Joinder in Motion #264 (Docket No. 265). Co-defendant Regina Goins indicated, presumably mistakenly, that she also intended to join in this motion without stating, as did Phillips, that she had standing to do so. *See* Joinder in Motions #218 and #264 (Docket No. 310). To the extent that Goins did mean to join the instant motion, I treat her joinder in the same fashion as Phillips' joinder.