# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>SHAREEF NASH (01), )<br>DANEEK MILLER (02) )<br>HASAN WORTHY (03), )<br>SASHA PHILLIPS (04), )<br>NICOLE WEBSTER-GERSY (05), )<br>REGINA GOINS (08), )<br>VERONICA BROWN (09), )<br>JOHN PALAIA (14), )<br>)<br>        DEFENDANTS )  | NO. 2:10-CR-136-DBH |

## ORDER AFFIRMING MEMORANDUM DECISIONS AND RECOMMENDED DECISIONS OF THE MAGISTRATE JUDGE

On April 15, 2011, the United States Magistrate Judge filed with the court, with copies to counsel, a Memorandum Decision on Hearing Request and Motions to Strike and Recommended Decision on Motions to Suppress ("Mem. Decisions and Recommended Decision") (Docket Item 348), and a Recommended Decision on Motion to Suppress (Docket Item 350). (The docket also contains Docket Item 356, Memorandum Decision on Hearing Request and Motions to Strike and Recommended Decision on Motions to Suppress, but it duplicates Docket Item 348). The defendant Worthy filed his objection to the Recommended Decision and appeal of the Memorandum Decisions on May 2, 2011 (Docket Item 364), and the defendant Nash filed his objection to the Recommended Decisions and appeal of the Memorandum Decisions on May 16,

2011 (Docket Item 372), adopting therein all of defendant Worthy's arguments as well.

I have reviewed and considered the Memorandum Decisions on Hearing Request and Motions to Strike. I concur with the Magistrate Judge's rulings (denying the defendant's motion to strike, and request for an evidentiary hearing; and granting the government's motion to strike) because they are neither clearly erroneous nor contrary to law, and I determine that no further proceeding is necessary. The rulings are therefore **AFFIRMED**.

I have reviewed and considered the Recommended Decisions, together with the entire record; I have made a *de novo* determination of all matters adjudicated by the Recommended Decisions; and I concur with the recommendations of the United States Magistrate Judge for the reasons set forth in the Recommended Decisions, and determine that no further proceeding is necessary.

I make the following observations. The defendant Worthy objects to the Magistrate Judge's reference to a "typographical error," see Mem. Decisions and Recommended Decision at 14 (Docket Item 348), in the wiretap affidavits (whether the government had sufficient information to identify defendant Nash), claiming that the government stated that the error was "inadvertent" and never asserted that it was "typographical." Def. Worthy's Appeal from Mem. Decisions and Objection to Recommended Decision at 24 (Docket Item 364). The government did say that the error was an "obvious misstatement," Reply to Def. Worthy's Supplemental Mem. at 5 (Docket Item 334), and clearly

it was, since elsewhere in the affidavit the agent discussed that very identification. Whether it is described as "typographical," "inadvertent," or an "obvious misstatement" makes no difference.

The defendant Worthy also objects to the Magistrate Judge's decision striking certain supplemental filings as untimely. Although the filings clearly occurred outside the court-established deadlines in the case, the defendant Worthy seems to take the position that all court-ordered deadlines automatically disappear upon the filing of a superseding indictment. Although the opinion cited by the Magistrate Judge, United States v. Bazuaye, No. 03-12, 2004 WL 784835, at *5 (S.D.N.Y. Apr. 12, 2004), aff'd, 311 Fed. Appx. 382 (2d. Cir. 2008), does not deal with deadlines as such, there is no authority for the defendant Worthy's position, and it has long been the custom for defense counsel in this district to request extension of deadlines if a superseding indictment (or some other event) requires more time. In this very case, after the second superseding indictment was filed on October 6, 2010, the defendant Worthy requested an extension of time for pretrial motions on October 12 (the request was granted October 18). He made another such request October 26 (it was granted October 27). He made still another such request November 10 (it was granted November 15). Apparently he did not then think that all such deadlines had disappeared upon the filing of the second superseding indictment. It is only the third superseding indictment filed November 17 to which he attributes that effect. I agree with the Magistrate Judge that the previously established deadlines remained in effect until the court altered

3

them. That conclusion is consistent with the approach of the Speedy Trial Act. In that context, the Supreme Court has stated clearly that the filing of a superseding indictment does not start a new 30-day trial preparation period. United States v. Rojas-Contreras, 474 U.S. 231, 234 (1985).

It is therefore **ORDERED** that the Recommended Decisions of the Magistrate Judge are hereby **ADOPTED**. The defendants Worthy's and Nash's motions to suppress wiretap evidence are **DENIED**. The defendant Nash's motion to suppress is **DENIED**.

**SO ORDERED.**

**DATED THIS 10TH DAY OF JUNE, 2011**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**