UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) ) | |
| v. | ) | No. 2:10-cr-00136-DBH |
| | ) ) | |
| SHAREEF NASH, | ) ) | |
| Defendant | ) | |

**ORDER ON MOTION TO EXTEND TIME FOR FILING 28 U.S.C. § 2255 MOTION**

Defendant Shareef Nash moves for an extension of time to file a motion for relief under 28 U.S.C. § 2255. (ECF No. 895.) Defendant maintains that an extension is warranted because he has been held in a particular unit since November 8 and has been unable to access his legal paperwork. He further argues that at the time he submitted his motion he was in transit for an undetermined time.

The time for filing a motion pursuant to section 2255 is governed by section 2255(f), which states:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

   (1) the date on which the judgment of conviction becomes final;

   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Rule 3(c) of the Rules Governing Section 2255 Proceedings for the United States District Courts also references the time period set forth in section 2255.

    Section 2255(f) in essence establishes the limitations period for the filing of a motion seeking relief under section 2255. The Court is not authorized to enlarge the limitations period. Whether a party has filed a petition timely, or whether there exists a basis for tolling the limitations period is an issue the Court would address when and if generated following the commencement of a proceeding pursuant to section 2255.[1]

    Based on the foregoing analysis, the Court dismisses Defendant's motion.

## CERTIFICATE

    Any objections to this report shall be filed in accordance with Fed. R. Civ. P. 72.

*So Ordered*.

  February 10, 2014                                        /s/ John C. Nivison
                                                                     U.S. Magistrate Judge

---

[1] The First Circuit has held that equitable tolling applies to section 2255's limitations period, but equitable tolling "normally requires a finding of extraordinary circumstances." *Ramos- Martínez v. United States*, 638 F.3d 315, 322-23 (1st Cir. 2011). "To carry this burden, the petitioner must show '"(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing.'" *Id.* at 323 (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).