UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>)<br>v. )<br>)<br>SHAREEF NASH, )<br>)<br>DEFENDANT ) | CRIM. NO. 2:10-CR-136-DBH-01 |

**ORDER ON MOTION TO REDUCE SENTENCE**

The defendant wants me to reduce the sentence I imposed in 2013 on account of a 2014 amendment to the Sentencing Guidelines concerning drug-related sentences (Amendment 782). I denied his earlier request that I do so in 2016. Order on Mot. to Appoint Counsel (ECF No. 937), but he believes the 2018 Supreme Court decision, Hughes v. United States, 138 S. Ct. 1765 (2018), lets me reopen his sentence now because I sentenced him originally pursuant to a Rule 11(c)(1)(C) agreement. Mot. for Modification or Reduction of Sentence at 3-5 (ECF No. 1012). Unfortunately for the defendant, the reason I gave for denying his motion in 2016 is unaffected by Hughes, namely Guideline 1B1.10(b)(2)(A): "[T]he court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range." See, e.g., United States v. Spruhan, No. 19-7650, 2021 WL 786399 (4th Cir. Mar. 2, 2021); United States v. Banda, 785 F. App'x 238 (5th Cir. 2019); United States v. Hernandez-Martinez, 933 F.3d 1126, 1131-36 (9th Cir. 2019), cert. denied, 140 S. Ct. 879

(2020). The 2013 sentence I imposed is below the minimum of the guideline range as amended by Amendment 782, so I cannot lower it further.

The defendant's motion for a sentence reduction is **DENIED**.

**SO ORDERED.**

**DATED THIS 16TH DAY OF MARCH, 2021**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**